JOHN H. CLEGG AND WILLIAM H. BROOK v. THE BOARD OF AUDITORS OF WAYNE COUNTY.

*Board of supervisors—Examination of books and accounts—Wayne county auditors.*

The board of supervisors of Wayne county have no power to examine the books and accounts of the treasurer and board of auditors of said county.

*Mandamus.* Argued April 25, 1893. Decided June 23, 1893.

Relators applied for *mandamus* to compel respondents to allow a certain account. The facts are stated in the opinion.

*John J. Speed* and *Henry M. Duffield,* for relators.

*F. A. Baker,* for respondents.

GRANT, J. October 14, 1892, the board of supervisors of Wayne county adopted a resolution appointing a committee to consider the necessity of an examination by an expert accountant of the books and records of the board of county auditors and county treasurer, and to make such recommendation thereon as they deemed advisable. October 18, 1892, the committee reported, recommending a biennial examination by an expert accountant, who should report to the board of supervisors each year. October 26, 1892, a special committee of the supervisors were appointed by the board for that purpose, and directed to employ an expert accountant to assist them, and such committee were directed to make such examination for a period of years as they should find expedient and necessary. February 6, 1893, the relators were employed by said committee as experts, in accordance with the above resolution, and a compensation of $25 per day was agreed upon, with 8 hours to constitute a day's work; the term of such employment to be at the pleasure of the committee. Relators entered upon such employment, and continued therein till February 28, 1893, when they presented to the respondents a bill for services rendered of $343.75, which was certified by the committee to be correct. The respondents refused to allow the account, and in their answer to the petition in this case alleged three reasons for such refusal, viz.:

1. Said account is not a legal claim against the county of Wayne.

2. The services rendered were not reasonably worth the sum charged.

3. No moneys had been raised for the payment of any such expense.

The Constitution (article 10, § 10) reads as follows:

" The board of supervisors, or, in the county of Wayne, the board of county auditors, shall have the exclusive power to prescribe and fix the compensation for all services rendered for, and to adjust all claims against, their respective counties, and the sum so fixed or defined shall be subject to no appeal."

Section 6, art. 10, provides:

"A board of supervisors, consisting of one from each organized township, shall be established in each county, with such powers as shall be prescribed by law."

In 1889 the Legislature enacted a law relative to the powers, duties, and compensation of the board of auditors of Wayne county.   3 How. Stat. § 518b *et seq.*   Section 8 of said act provides:

" Said board shall have power, and they are hereby authorized—

"*First,* at any time to examine the books and accounts of the county treasurer and other county officers, and they shall, on demand, be exhibited to them by said officers. And, as often as they may require, the accounts and vouchers of the county treasurer shall be audited and allowed by them; and after the same shall have been audited by said board it shall not be requisite that such accounts and vouchers be again audited by the board of supervisors."

In *Attorney General v. Board of Auditors,* 73 Mich. 53, this Court entered into a full and careful review of the above clause of the Constitution, examining the debates of the constitutional convention, the history of the legislation prior to the adoption of the present Constitution and subsequent thereto.   The conclusion there reached was that—

" Neither legislation nor acquiescence can take away from the supervisors any of the jurisdiction given them by

the Constitution, and not given by that instrument to the county auditors of Wayne."

It was there also said:

"There can be no doubt that the convention meant to exclude any board but the supervisors from managing the business given into their charge by the Constitution in express terms, except in the single subject of services and claims, in Wayne county."

But, it must be remembered, in that case the board of auditors were assuming power over a subject which was expressly conferred by the Constitution (section 9, art. 10) upon the board of supervisors. In the present case the power sought to be exercised is not among those expressly enumerated in the Constitution as belonging either to the board of auditors or to the board of supervisors.

The power conferred by the act of 1889 upon the board of auditors is very broad, and the only conclusion from its terms is that the Legislature designed to place the accounts and books of the county treasurer under the exclusive control of that board. The last section of the act provides that "the board of supervisors of said county shall not have or exercise the power herein conferred upon said board of auditors." The previous law contained a like provision. 1 How. Stat. § 513. The Legislature, under the Constitution, enacted a general law defining the powers and duties of the boards of supervisors of the several counties, and conferring upon them certain local administrative and legislative powers. Among the powers so conferred was the examination of the accounts of the county treasurer.

Under the constitutional provision in regard to Wayne county, the board of supervisors cannot fix the compensation to be paid for any services rendered the county. They may hire the services, but the board of auditors must fix the compensation, and from their decision there is no appeal. It follows that, even if the board of supervisors had the

right to employ the relators, they had no right to fix their compensation.

The important question, however, still remains, whether such board possess the power to examine the books and accounts of the county treasurer, and the books and accounts kept by the board of auditors.  Except as to the powers enumerated in the Constitution, the board of supervisors are not vested with any other powers or duties than those conferred upon them by statute.  There is no statute giving them any control over, or any right to examine, the books kept by the board of auditors.  As to them, therefore, the resolution of the board of supervisors is clearly void.

Under the general statute above cited, defining the powers of the boards of supervisors, these boards have the right to examine the books and accounts of the county treasurer. 1 How. Stat. § 478.  The Constitution is silent upon this subject, and therefore such boards possess only such power in this regard as is conferred upon them by statute.  This act makes no exception to the county of Wayne, but it must be construed in connection with the act prescribing the duties and powers of the board of auditors of Wayne county.  Referring to that act, we find, as already shown, that the power is in express terms taken away from the board of supervisors, and limited to the board of auditors. The intent of the Legislature is clear, and its power to enact the law undoubted.

It follows that the action of the board of supervisors is void, and the writ must be denied.

The other Justices concurred.