BOARD OF AUDITORS OF WAYNE COUNTY *v.* WAYNE CIRCUIT JUDGE.[1]

COUNTY BUILDINGS—SUPERVISORS—BOARD OF AUDITORS—CONFLICTING POWERS—CONSTITUTIONAL LAW.

Act No. 63, Pub. Acts 1889, § 8, subd. 9 (3 How. Stat. § 518*i*), providing that the board of auditors of Wayne county shall have authority to supervise the construction of buildings erected by the county, is in conflict with section 9 of article 10 of the Constitution, empowering the board of supervisors to raise money for the construction of public buildings.

*Mandamus* by the board of auditors of Wayne county to compel William L. Carpenter, circuit judge, to issue a writ of *mandamus* requiring the board of supervisors of said county to rescind a resolution providing for a committee to supervise the construction of a county building. Submitted June 15, 1897. Denied July 16, 1897.

*John J. Speed*, for relator.

*Allan H. Frazer* and *Ormond F. Hunt*, for respondent.

---

[1] Rehearing denied November 23, 1897.

MONTGOMERY, J. Relator presented to respondent a petition for *mandamus* to be directed to the board of supervisors of Wayne county commanding them to rescind so much of a resolution adopted by them as provides for a committee to supervise the work of constructing a county building. The order was refused, and application is made to us for *mandamus* to compel the circuit judge to grant an order to show cause. The question presented is whether, under the law, the board of county auditors had the exclusive right to supervise the construction of the building.

Under the ninth subdivision of section 8, Act No. 63, Pub. Acts 1889, being section 518*i*, 3 How. Stat., it is provided that the board of county auditors shall have authority to procure the necessary plans and specifications for, and supervise the construction of, any buildings erected by the county, excepting such as the superintendents of the poor may construct. By section 9 of the same act, it is provided that the board of supervisors of said county shall not have or exercise the powers therein conferred upon said board of auditors. In subdivision 7 of section 8 it is provided that the said act shall not be construed to give said board of auditors the power to contract for the erection of new buildings, or the purchase of any land for any purpose whatever. These provisions would seem to be clear enough in their terms, but it is contended that the provision of the act conferring this right upon the board of auditors is unconstitutional; that, under the Constitution, the authority to contract for the erection of public buildings is vested in the board of supervisors, and that this includes the power to see to it that the contract is complied with, and for that purpose to supervise the construction of the building.

Section 6, art. 10, of the Constitution provides:

"A board of supervisors, consisting of one from each organized township, shall be established in each county, with such powers as shall be prescribed by law."

Section 9 of article 10 reads as follows:

"The board of supervisors of any county may borrow or raise by tax $1,000 for constructing or repairing public buildings, highways, or bridges, but no greater sum shall be borrowed or raised by tax for such purpose in any one year unless authorized by a majority of the electors of such county voting thereon."

The latter provision is the only one which in any way supports the contention of respondent. In *Board of Sup'rs* v. *Wayne Circuit Judge*, 111 Mich. 33, we held that the power conferred by section 9, art. 10, was not so broad but that it was subject to legislative control, in view of the provisions of section 6 of the same article. The question was more directly before the court in *Attorney General* v. *Board of Auditors*, 73 Mich. 53, in which case Mr. Justice CAMPBELL, in an exhaustive opinion, reviewed the history of the board of auditors, and reached the conclusion that, previous to the Constitution of 1850, the board of auditors had the same general powers, except as to taxation, possessed by the board of supervisors, and the question dealt with, as stated by the learned judge, was whether the Constitution of 1850, and the legislation under it, had changed the powers of the auditors, and confined them within closer limits; and referring to the provisions of section 10, art. 10, which reads: "The board of supervisors, or, in the county of Wayne, the board of county auditors, shall have the exclusive power to prescribe and fix the compensation for all services rendered for, and to adjust all claims against, their respective counties,"—it was said:

"The fact that the auditors are expressly mentioned in only one section with the supervisors is very significant, and, according to the usual rules of construction, would confine their powers to those mentioned in that section, as far as such powers are enumerated. In regard to powers not so enumerated, either of supervisors or auditors, the Constitution would not repeal or affect them, unless repugnant. But as, apart from the constitutional grant, all the powers of both bodies depended on legislation, they could be changed or abolished at will. * * * There can be no doubt that the convention meant to ex-

clude any board but the supervisors from managing the business given into their charge by the Constitution in express terms, except in the single subject of services and claims in Wayne county.   *   *   *   Not only is it plain, from the natural meaning of the Constitution, that such powers as the Constitution itself gave to the supervisors should be exclusive on all but the one class of powers referred to in section 10, but the legislature of 1851, on which the duty had been laid of bringing the statutes into harmony with the Constitution, gave to this article a practical construction in the same direction."

And, after reviewing this legislation, Justice CAMPBELL proceeded:

"The subject of purchasing or erecting public buildings is outside of their [the auditors'] jurisdiction.   *   *   *   The powers sought to be restrained are within the exclusive grant to the board of supervisors, and the auditors have no control over them."

It is contended that this language was held not alone with reference to the constitutional provision, but with reference to the statute; but we think the intention was to rest the decision upon the constitutional provision.   In *Clegg* v. *Board of Auditors*, 96 Mich. 191, in referring to the case of *Attorney General* v. *Board of Auditors*, and in distinguishing the case, Justice GRANT said: "It must be remembered that in that case the board of auditors were assuming power over a subject which was expressly conferred by the Constitution upon the board of supervisors."   It must be held that this legislation, so far as it attempts to deprive the board of supervisors of the control of this subject, is in conflict with section 9 of article 10.

The writ will be denied.

The other Justices concurred.